OPINION
Defendant-appellant Jason Baker appeals the March 1, 2000 Judgment Entry entered by the Stark County Court of Common Pleas, adjudicating him a "sexual predator", and the March 3, 2000 Judgment Entry, overruling his motions which attacked the constitutionality of H.B. 180. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
In August, 1991, the Stark County Court of Common Pleas, Juvenile Division, after conducting probable cause and amenability hearings relative to charges against appellant, relinquished jurisdiction and transferred appellant's case to the General Division for criminal prosecution. On September 13, 1991, the Stark County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02; one count of attempted murder, in violation of R.C. 2903.02; and one count of escape, in violation of R.C.2903.11. At his arraignment, appellant entered a plea of not guilty to the indictment. After pre-trial discovery was completed, appellant entered a plea of guilty to all three counts on October 21, 1991. The trial court accepted appellant's change of plea and sentenced him to terms of imprisonment of five to twenty-five years on the rape count, five to twenty-five years on the attempted murder charge, and one year on the escape charge. The trial court ordered the sentences for the rape and attempted murder charges be served concurrently, but run consecutively to the sentence for the escape count. Appellant did not appeal his convictions and sentences. After the enactment of H.B. 180, Ohio's version of Megan's Law, the Warden of the Lebanon Correctional Institution, the institution in which appellant is confined, recommended to the trial court appellant be classified a "sexual predator." On February 22, 2000, appellant filed motions to dismiss based upon ex post facto and retroactivity grounds and double jeopardy grounds, and a motion to declare H.B. 180 unconstitutionally vague, all of which the trial court overruled via Judgment Entry filed March 3, 2000. On February 28, 2000, the trial court conducted a classification hearing. The evidence adduced at the hearing revealed appellant was sixteen years old at the time of the offense and his victim was a fifteen year old boy. Over the course of 2 days, appellant sexually, physically, and verbally abused his victim. Appellant began the attack by forcing his victim to perform oral sex upon him. Thereafter, appellant blindfolded and beat his victim. On three separate occasions, appellant attempted to choke his victim to death. Appellant twice tried to crush his victim's windpipe with his forearm, and also tried to strangle the boy with a belt. According to statements appellant made to police and mental health professionals, his victim believed he was going to die. After these failed attempts to kill his victim, appellant attempted to escape. Psychiatric evaluations and psychological assessments indicated appellant, at the time of the offense, was strongly asocial, antisocial, and sociopathic. Additionally, these evaluations and assessments revealed the conscience element of appellant's personality was profoundly underdeveloped, enabling a paucity of guilty, remorse, and empathy. The Summary Report from the Lebanon Correctional Institution revealed numerous incidences in which appellant engaged in assaultive and threatening behavior against his peers and the staff. Additionally, appellant had engaged in two consensual sexual contacts while in the institution, one of which was in late January, 2000. Appellant, through counsel, advised the trial court he was currently involved in an 18 month sex offender program at the Lebanon Correctional Institution, which began in October, 1998. Currently, appellant is enrolled in GED courses, attends narcotics anonymous meetings once a week, and meets with a psychologist for individual counseling once a week. On the record, the trial court reviewed the evidence in accordance with the factors set forth in R.C. 2950.09. Upon completion of the hearing, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision in a Judgment Entry filed March 1, 2000. It is from the March 1, 2000, and March 3, 2000 Judgment Entries appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS. (APPENDIX AT A-1).
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS. (APPENDIX AT A-1).
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS. (APPENDIX AT A-1).
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT;S [SIC] MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE. (APPENDIX AT A-1).
 V. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING. (APPENDIX AT A-2, TR AT 3-19).
 I, II, III, IV
Appellant's first, second, third and fourth assignments of error are overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404; and State v. Williams (2000), 88 Ohio St.3d 513.
 V
In his final assignment of error, appellant maintains the trial court erred in classifying him as a sexual predator as such adjudication was not supported by clear and convincing evidence. Specifically, appellant contends the State only proved he was a sexual offender, but did not present any evidence to support a finding of likelihood to re-offend. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. At the hearing, the State presented eleven exhibits. The undisputed facts gleaned from these exhibits, as well as the entire record in this case, establish appellant sexually, physically, and verbally abused a fifteen year old boy over the course of 2 days. Appellant was sixteen years old at the time. The evidence further reveals, during the course of this attack, appellant attempted to kill his victim on at least three separate occasions. Although the psychiatric evaluations and psychological assessments were conducted in 1991, such revealed appellant to be an antisocial and sociopathic individual. Appellant's recent prison record demonstrated appellant has failed to change his aggressive, assaultive, and sexual behaviors. We find these facts mitigate in favor of the trial court's decision. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by competent, credible evidence, and is not against the manifest weight of the evidence. Appellant's fifth assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 ____________________ Hoffman, P.J.
By: Farmer, J. and Gwin, P.J. concur